# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re*:* T.C.**

**No. 13-1057** (Mercer County 12-JA-224-DS)

**FILED**

**March 31, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Thomas L. Fuda.[1] Her appeal arises from the Circuit Court of Mercer County, which terminated her parental rights to one-year-old T.C. by order entered on September 10, 2013. The guardian ad litem for the child, Catherine Bond Wallace, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Angela Alexander Walters, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court abused its discretion in terminating her parental rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's parental rights were terminated to three other children in February of 2012 due to her substance abuse.[2] In December of 2012, the subject child was born and petitioner tested positive for benzodiazepines at her birth. The DHHR filed a petition for abuse and neglect based on aggravated circumstances of petitioner's prior involuntary termination of parental rights.

Petitioner waived her rights to a preliminary hearing and stipulated to neglect resulting from her drug use and addiction. Petitioner subsequently moved for a post-adjudicatory improvement period, which the DHHR opposed. The circuit court took the matter under advisement and ordered petitioner to participate in inpatient drug treatment in an effort toward reunification. Otherwise, the circuit court advised, it would terminate petitioner's parental rights.

As the case proceeded, petitioner continued to use drugs and failed to secure inpatient drug treatment. At the final hearing in August of 2013, petitioner testified that she was using drugs under a prescription, but failed to produce a prescription in support of this assertion. She

---

[1] Petitioner's counsel provides that he submits his appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

[2] In October of 2012, we affirmed these terminations in Case No. 12-0386.

1

further testified that she has sought counseling, but has refused treatment offered through DHHR services. Petitioner also admitted that when she gave birth to T.C., she initially lied to the hospital about her substance abuse and history. Following this hearing, the circuit court found that petitioner failed to secure substance abuse treatment despite extra time the circuit court afforded her and that she continued to use drugs. The circuit court further found that there was no reasonable likelihood that the conditions of neglect could be substantially corrected and that termination was necessary for the child's welfare. From this order, petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court abused its discretion in failing to grant her an improvement period before terminating her parental, custodial, and guardianship rights to T.C. Petitioner asserts that she should have received an improvement period because she was diligent with visits with her child and has acknowledged her substance abuse.

Upon our review of the parties' briefs and record on appeal, we find no error by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Additionally, West Virginia Code § 49-6-3(d)(3) provides that the DHHR is not required to make reasonable efforts to preserve the family if the parent has had his or her parental rights involuntarily terminated to other children. West Virginia Code § 49-6-5(b)(3) explains that circumstances in which a parent fails to respond to rehabilitative efforts are considered circumstances in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. Moreover, West Virginia Code § 49-6-12 directs that a parent who moves for an improvement period bears the burden of showing that he or she would substantially comply with the terms and conditions of an improvement period. Under this statute, the circuit court has the discretion to grant or deny an improvement period.

Our review of the dispositional hearing transcript reveals that petitioner refused treatment for drug abuse that was offered to her. Rather, nine months following the filing of the instant petition, petitioner was still abusing drugs and had not participated in any inpatient drug treatment. Petitioner failed to meet her burden in showing that she would substantially comply with an improvement period. Moreover, this evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the following:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II